/ ct.

OFFICE OF THE CLERK

Marcia M. Waldron
Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE THIRD CIRCUIT
21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Telephone
267-299-4952

www.ca3.uscourts.gov

January 13, 2003

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA 17108

RE: Docket No. 02-1113
    Young  vs. State Farm Mutl Auto
    D. C. CIV. No. 00-cv-02191

Dear Mrs. D'Andrea:

Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

                                    Very truly yours,
                                    MARCIA M. WALDRON
                                    Clerk

                            By:  Carmen Hernandez /CH
                                 Carmen Hernandez
                                 Case Manager

Enclosure

cc:
    Thomas P. Lang, Esq.
    Scott B. Cooper, Esq.
    Michael Saltzburg, Esq.

OFFICE OF THE CLERK

**UNITED STATES COURT OF APPEALS**
FOR THE THIRD CIRCUIT
21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Marcia M. Waldron
Clerk

Telephone
267-299-4952

www.ca3.uscourts.gov

January 13, 2003

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA 17108

RE: Docket No. 02-1113
    Young vs. State Farm Mutl Auto
    D. C. CIV. No. 00-cv-02191

Dear Mrs. D'Andrea:

   Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

   (X) We return herewith the certified record in the case(s).

   ( ) We release herewith the certified list in lieu of the record.

   Kindly acknowledge receipt for same on the enclosed copy of this letter.

   Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

                                    Very truly yours,
                                    MARCIA M. WALDRON
                                    Clerk

                            By: Carmen Hernandez /CRG
                                Carmen Hernandez
                                Case Manager

Enclosure

cc:
    Thomas P. Lang, Esq.
    Scott B. Cooper, Esq.
    Michael Saltzburg, Esq.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1113

DEBBIE S. YOUNG,
Appellant

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 00-cv-02191)
District Court Judge: Honorable Yvette Kane

Submitted Pursuant to Third Circuit LAR 34.1(a)
on December 17, 2002

Before: SLOVITER, RENDELL and GREENBERG, Circuit Judges

JUDGMENT

This cause came on to be heard on the record from the United States District Court for the Middle District of Pennsylvania submitted pursuant to Third Circuit LAR 34.1(a) on December 17, 2002. On consideration whereof, it is now here

ORDERED and ADJUDGED by this Court that the Order of the District Court entered on December 18, 2001, be and the same is hereby AFFIRMED. Young's request to certify the issue of a section 1734 remedy to the Pennsylvania Supreme Court is

DENIED as MOOT. All of the above in accordance with the opinion of this Court. Costs taxed against the Appellant.

ATTEST:

*[signature]*

Acting Clerk

Dated: December 20, 2002

Certified as a true copy an issued in lieu
of a formal mandate on January 13, 2003

Teste: *[signature]*

Clerk, U.S. Court of Appeals for the Third Circuit.

2

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1113

DEBBIE S. YOUNG,
Appellant

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 00-cv-02191)
District Court Judge: Honorable Yvette Kane

Submitted Pursuant to Third Circuit LAR 34.1(a)
on December 17, 2002

Before: SLOVITER, RENDELL and GREENBERG, Circuit Judges

(Filed   December 20, 2002)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Debbie Young appeals the District Court's ruling that she is entitled to Underinsured Motorists Coverage under the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") limited to $15,000. The District Court granted summary

judgment to State Farm, and we will affirm, although on a different basis than that relied on by the District Court. And, we will deny Young's motion to certify to the Supreme Court of Pennsylvania the issue of whether a remedy exists for violations of section 1734 of the MVFRL.

## JURISDICTION AND STANDARD OF REVIEW

Debbie Young is a citizen of Pennsylvania. State Farm is an Illinois corporation and has its principal place of business in Bloomington, Illinois. The District Court had diversity jurisdiction over the parties pursuant to 28 U.S.C. §1332 (2001). We exercise jurisdiction over the Court's final order pursuant to 28 U.S.C. §1291 (2002).

The District Court was obliged to apply the substantive law of Pennsylvania. Nationwide Mutual Ins. Co. v. Buffetta, 230 F.3d 634, 637 (3d Cir. 2000). There was no reported decision by the Pennsylvania Supreme Court addressing the precise issue before it; therefore the duty of the Court to predict how the Pennsylvania Supreme Court would rule if presented with this case. Id. The Court was obliged to follow opinions of intermediate appellate state courts unless convinced by other persuasive data that the Pennsylvania Supreme Court would rule otherwise. Id. We exercise plenary review over the District Court's prediction of Pennsylvania law. Id.

We also exercise plenary review over the District Court's grant of summary judgment. Summary judgment is appropriate where there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). Where the decision of the District Court is correct,

2

we must affirm, even if the Court relied on a wrong ground or gave a wrong reason. Helvering v. Gowran, 302 U.S. 238, 245 (1937); American Civil Liberties Union of New Jersey v. Black Horse Pike Reg'l Bd. of Educ., 84 F.3d 1471, 1477 (1996); Myers v. American Dental Assoc., 695 F.2d 716, 725 (3d Cir. 1982). We may affirm on any basis that finds support in the record. Helvering, 302 U.S. at 245.

Debbie Young was injured in a car accident. She was compensated up to the limits of the insurance policy held by the person who hit her, and then filed claims for additional amounts under three State Farm policies. The relevant policy is that of Lester Young ("Lester"), under which she was a qualified insured under the policy's underinsured motorists coverage. Pursuant to Lester's policy, she received $15,000 in compensation.

Young filed a declaratory action in state court, claiming that she was owed $100,000, the amount of bodily injury liability coverage under Lester's policy. State Farm filed a counterclaim for declaratory judgment in the District Court for the Middle District of Pennsylvania. The parties filed cross-motions for summary judgment. The District Court granted State Farm's motion, holding that section 1734 of the MVFRL does not provide a remedy for a failure to obtain valid written lowering of underinsured motorists coverage. Young appeals, supported by the Pennsylvania Trial Lawyers Association in an amicus brief.

## DISCUSSION

The District Court ruled that there was no remedy for a violation of section 1734

3

without actually addressing whether there was a section 1734 violation. We have previously noted that the determination that no violation exists renders the thorny issue of remedy moot. Buffetta, 230 F.3d at 639. We will accordingly address first the issue of whether there was a violation.

Section 1731 of the MVFRL prohibits the issuance of any motor vehicle liability insurance policy "unless uninsured motorist and underinsured motorist coverages are offered therein or supplemental thereto in amounts as provided in section 1734 (relating to request for lower limits of coverage)." 75 Pa.C.S. §1731 (2002). Section 1734 states, "A named insured may request in writing the issuance of coverage under section 1731 (relating to availability, scope and amount of coverage) in amounts equal to or less than the limits of liability for bodily injury." Id. at § 1734. A section 1734 writing is sometimes called a "waive-down." The Supreme Court of Pennsylvania recently held that this writing need not be on a separate page, as is required under section 1731 for complete waivers of underinsured motorists coverage. Lewis v. Erie Ins. Exch., 793 A.2d 143, 155 (Pa. 2002). Rather, this writing may take any form. Leymeister v. State Farm Mut. Auto. Ins. Co., 100 F. Supp. 2d 269, 272 (M.D.Pa. 2000) ("The language of section 1734 is clear on its face; all that is required to request lower limits of coverage is a writing requesting the same from a named insured.") (cited with approval in Lewis, 793 A.2d at 153). Finally, section 1791 provides for a presumption that the insured has been notified of available benefits and limits if the insured is given the specified "Important

4

Notice" form. 75 Pa.C.S. § 1791. <u>See also</u> <u>Prudential Property & Casualty Ins. Co. v. Pendleton</u>, 858 F.2d 930, 936 (3d Cir. 1988) (finding presumption under section 1791 conclusive) <u>and</u> <u>Salazar v. Allstate Ins. Co.</u>, 702 A.2d 1038, 1042 (Pa. 1997) (same).

"To prove a valid waiver under § 1734, an insurer must demonstrate (1) that the insured had notice of his rights under the MVFRL and (2) that the insured requested lower limits of UI/UIM coverage in writing." <u>Dang v. State Farm Mut. Auto. Ins. Co.</u>, 1996 U.S. Dist. LEXIS 10359, at *7 (E.D.Pa. 1996) (citing <u>Breuninger v. Pennland Ins. Co.</u>, 675 A.2d 353, 357 (Pa. Super. 1996)). The parties agree that Lester signed a section 1791 "Important Notice" form and the binder portion of the application acknowledging that he had read the application and chosen the limits himself. Any valid written request is therefore presumed knowing and voluntary. The parties disagree as to whether there was a valid written request.

We have little difficulty finding that there was. Lester's policy contains a section entitled "Underinsured Motor Vehicle Limits." In that section is a box labeled "Other." Next to the box is a line with "15/30" written in. As the District Court noted, that box is clearly checked. Furthermore, Lester's initials appear below the set of boxes, on the line indicating "Initials of a Named Insured." The District Court appears to have found this to be a valid waive-down, and so do we.

Young's reliance on <u>Motorists Insurance Companies v. Emig</u>, 664 A.2d 559, 565 (Pa. Super. 1995), is misplaced. In <u>Emig</u>, the court held that the insured had not made

5

any written request for lower coverage and was therefore owed coverage up to the limits of bodily injury liability. Emig, 664 A.2d at 565. However, as the District Court correctly found, Emig is distinguishable on its facts. In Emig, the boxes applicable to choosing lowered uninsured and underinsured motorists coverage were left blank, and no dollar amounts were written in. The court rejected the insurance company's argument that another section of the policy, which did not discuss reduction or provide for a signature, constituted a request for lowered limits. Emig, 664 A.2d at 564. Here, the box is clearly checked, and Lester's initials clearly appear below his election. See State Farm Mut. Auto. Ins. Co. v. Ciccarella, 2002 U.S. Dist. LEXIS 7698, at *15 (E.D.Pa. May 1, 2002) ("The initialing by the insured of the reduced UIM limits in the section provided for selecting that option, in conjunction with the signed acknowledgments that they understood the benefits available and had made the selections noted, satisfies the written request requirement of § 1734.")

Young also argues that Lester's initials do not count as a signature and questions the Ciccarella decision to the extent that it held initials to be valid indicators of consent. We find the Ciccarella decision to be well-reasoned, see Ciccarella, 2002 U.S. Dist. LEXIS 7698, at *12-13, and do not find Young's argument that "Judge Waldman's interpretation of initials on an application for insurance would not necessarily be adopted by the Pennsylvania Supreme Court" to be persuasive.

Finally, to the extent that Young suggests that a separate writing was required, the

Pennsylvania Supreme Court has clearly rejected this argument. See Lewis, 793 A.2d at 155.

It is therefore clear on this record that Lester requested lower limits of $15,000 per person underinsured motorists coverage and that summary judgment was properly granted to State Farm, and we will affirm. We note that because we will affirm the District Court's judgment on this ground, it is unnecessary for us to address the issue regarding the existence of a remedy which was the focus of the District Court's decision, and accordingly, we will deny as moot Young's request to certify the issue of a section 1734 remedy to the Pennsylvania Supreme Court.

/s/ Marjorie T. Rendell
Circuit Judge

7